IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13-106-BMM |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| WILFORD HARLAN SUNCHILD, | |
| Defendant. | |

## I. Synopsis

The United States accused Wilford Harlan Sunchild ("Mr. Sunchild") of violating his conditions of supervised release by (1) using a controlled substance (marijuana), (2) failing to report for drug testing, (3) being terminated from his employment and changing his residence without informing his probation officer, (4) using a controlled substance (methamphetamine), (5) using a controlled substance (marijuana), (6) failing to follow the instructions of his probation officer,

1

and (7) using a controlled substance (marijuana and methamphetamine). Mr. Sunchild admitted to the violations. His supervised release should be revoked. He should be sentenced to five months in custody, with nineteen months of supervised release to follow.

## II.  Status

On July 24, 2014, United States District Judge Brian Morris sentenced Mr. Sunchild to 366 days in custody, with twenty-four months of supervised release to follow, after a he pleaded guilty to Conversion, Embezzlement from Indian Tribal Organizations, and Theft or Embezzlement in Connection with Healthcare. (Doc. 54). He began his current term of supervised release on July 10, 2015.

On August 15, 2016, the United States Probation Office filed a Report on Offender Under Supervision, informing the Court that Mr. Sunchild had used methamphetamine and failed to pay restitution. (Doc. 73). Mr. Sunchild was allowed to remain on supervised release.

On February 28, 2017, the United States Probation Office filed a Request for Summons for Modifying the Conditions and term of Supervision, informing the Court that Mr. Sunchild had failed to submit monthly reports, failed to submit pay stubs and a monthly net worth statement, was in a casino, failed to file taxes, used marijuana, and failed to pay restitution. (Doc. 74). The Court agreed to extend

Mr. Sunchild's supervised release another twelve months, and Mr. Sunchild was allowed to remain on supervised release.  (Doc. 77).

On December 15, 2017, a non-compliance hearing was held with Mr. Sunchild.  At that time, Mr. Sunchild admitted to using methamphetamine and marijuana, and that he had been terminated from his employment.  Mr. Sunchild was instructed by his probation officer to obtain his driver's license by the end of December, 2017, to make substantial payments toward restitution, and to attend mental health and substance abuse treatment.

**Petition**

On January 29, 2018, the Probation Office filed a Petition for Warrant for Offender Under Supervision alleging that Mr. Sunchild violated the terms of his supervised release.  The petition alleged that on April 6, 2017, Mr. Sunchild provided a urine sample positive for marijuana use.  It also alleged that Mr. Sunchild failed to report for a drug test on May 16, 2017.  Further, the petition alleged Mr. Sunchild failed to inform his probation officer of being terminated from his employment and of a change in residence.  The petition also alleged Mr. Sunchild provided a urine sample positive for methamphetamine use on September 29, 2017.  The petition also alleged Mr. Sunchild provided a urine sample positive for marijuana use on November 29, 2017.  It also alleged that Mr. Sunchild has not

followed the probation officer's instructions to get a driver's license as of the time of the petition. Finally, the petition alleged Mr. Sunchild provided a urine sample positive for methamphetamine and marijuana use on January 22, 2018. (Doc. 95). United States District Judge Brian Morris issued a warrant for his arrest based on the allegations in the Petition. (Doc. 96).

**Initial appearance**

Mr. Sunchild appeared before the undersigned on January 24, 2018, in Great Falls, Montana. Federal Defender David Ness accompanied him. Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Sunchild said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed immediately with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Sunchild admitted to the violations. The violations are serious and warrant revocation of his supervised release.

Mr. Sunchild's violation grade is Grade C, his criminal history category is II, and his underlying offenses are a Class C felony for Count I, a Class D felony for Count II, and a Class C felony for Count III. He could be incarcerated for up to twenty-four months and could be ordered to remain on supervised release for

twenty-four months, less any custody time imposed. The United States Sentencing Guidelines call for four to ten months in custody.

Mr. Ness recommended a significant downward departure from the guideline, noting that this was Mr. Sunchild's first revocation. He also noted that Mr. Sunchild's personal tragedies of family members dying had contributed to his violations. Mr. Sunchild exercised his right of allocution and apologized to the Court and stated he has a good living situation when he is released and can succeed on supervised release. Mr. Weldon recommended a guideline sentence with supervised release to follow, noting that Mr. Sunchild has paid very little of his required restitution.

### III.  Analysis

Mr. Sunchild's supervised release should be revoked because he admitted violating its conditions. He should be sentenced to five months in custody, with nineteen months of supervised release to follow. This sentence would be sufficient given the seriousness of the violations but not greater than necessary.

### IV.  Conclusion

Mr. Sunchild was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained

that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Wilford Harlan Sunchild violated the conditions of his supervised release by (1) using a controlled substance (marijuana), (2) failing to report for drug testing, (3) being terminated from his employment and changing his residence without informing his probation officer, (4) using a controlled substance (methamphetamine), (5) using a controlled substance (marijuana), (6) failing to follow the instructions of his probation officer, and (7) using a controlled substance (marijuana and methamphetamine).

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Sunchild's supervised release and committing him to the custody of the United States Bureau of Prisons for five months, with nineteen months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to

which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 20th day of February, 2018.

John Johnston
United States Magistrate Judge